**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**WESTERN DIVISION**

| | |
|---|---|
| **SIMON ZAIDMAN,** § | |
|     Petitioner § | |
| § | |
| V. § | Civil Action # 5:24-CV-05077 |
| § | |
| **MOLLY PENTON-ZAIDMAN,** § | |
|     Respondent § | |

**VERIFIED RESPONSE TO PETITION FOR RETURN OF THE CHILDREN TO MEXICO**

    Respondent Molly Penton-Zaidman ("Penton-Zaidman" or "Respondent"), through her undersigned attorneys, response to the petition for return of the children to Mexico.

**ADMISSIONS AND DENIALS**

    With respect to the allegations in the Petition, Respondent makes the following admissions and denials:

    1.    Respondent admits the allegation in Paragraph 1 of the Petition that the parties are the parents of the children the subject of this suit. Respondent further admits the allegation in Paragraph 1 of the Petition that the parties' children, C.Z., is six years old. The correct age of the parties' other child, M.Z., is ten years old. M.Z. and C.Z. are the Children the subject of this suit. Respondent further admits the allegation in Paragraph 1 of the Petition that she removed the Children from Mexico, but denies that the removal was wrongful or without Petitioner's consent.

    2.    The allegations set forth in Paragraph 2 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

    3.    The allegations set forth in Paragraph 3 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

4. The allegations set forth in Paragraph 4 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

5. The allegations set forth in Paragraph 5 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

6. Respondent admits that the statement in Paragraph 6 purports to be a request for relief and Respondent states that the relief should be denied. Respondent denies that Mexico is the Children's habitual residence.

7. The allegations set forth in Paragraph 7 of the Petition constitute legal conclusions to which no response is necessary or appropriate.

8. Respondent admits the allegations in Paragraph 8 of the Petition that the Children are under 16 and are currently located within the jurisdiction of the Court, but denies that Mexico is the habitual residence of the children.

9. Respondent admits the allegation in Paragraph 9 of the Petition that Penton-Zaidman and Zaidman are the parents of the Children, and that they are citizens of the United States and Austria. Respondent further admits that she is a citizen of the United States and that Petitioner is a citizen of Austria and Venezuela.

10. Respondent denies allegations in Paragraph 10 of the Petition that the parties' experienced marital issues due to emotional infidelity. Respondent admits all other allegations in Paragraph 10.

11. Respondent admits that the family temporarily relocated to Mexico on October 1, 2021.

12. Respondent admits the allegation in Paragraph 12 of the Petition that C.Z. was born in Miami, Florida in 2014 and M.Z. was born in Zollikon, Switzerland in 2018. Respondent admits that the children resided in Mexico beginning October 2021, but denies that it is their habitual residence.

13. Respondent admits the allegations in Paragraph 13 of the Petition that Children were enrolled in the American School Foundation in Mexico City, where they made friends. Respondent, however, denies the allegations that the Children adjusted well, that they loved their school, and learned fluent Spanish within their first three (3) months.

14. Respondent denies the allegation in Paragraph 14 that C.Z. in soccer in Mexico City. Respondent denies the allegation in Paragraph 14 that they had a strong support system and community in Mexico. Respondent admits all other allegations in Paragraph 14 of the Petition.

15. Respondent admits all allegations in Paragraph 15 of the Petition, except she denies the allegation that she informed Petitioner of her desire for divorce the day before her departure from South Dakota.

16. Respondent admits the allegations in Paragraph 16 of the Petition.

17. Respondent admits that the parties renewed M.Z.'s United States passport and that she sent Petitioner a message informing him of the Children's removal from Mexico. Respondent denies all other allegations in Paragraph 17 of the Petition.

18. Respondent admits the allegations in Paragraph 18 of the Petition.

19. Respondent admits the allegations in Paragraph 19 of the Petition.

20. Respondent admits the allegations in Paragraph 20 of the Petition.

21. Respondent denies the allegations in Paragraph 21 of the Petition that the children were wrongfully removed from Mexico. Respondent further denies that on or about September 3, 2023, Mexico was the habitual residence of the children. Respondent is without knowledge or

3

information to form a belief about the truth of the remaining allegations in Paragraph 21 of the Petition.

22. The allegations set forth in Paragraph 22 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

23. Respondent admits the allegations in Paragraph 23 of the Petition that the Children were removed from Mexico on or about September 3, 2023. Respondent denies the allegations in Paragraph 23 of the Petition that the Children's habitual residence is Mexico or was the Children's habitual residence prior to their removal, and denies that the Children's removal was wrongful.

24. Respondent denies the factual allegations in Paragraph 24 or the Petition.

25. Respondent admits the allegation in Paragraph 25 of the Petition that the Children were removed from Mexico on September 3, 2023. Respondent denies all other allegations.

26. Respondent denies the allegations in Paragraph 26 of the Petition.

27. Respondent is without knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 27 of the Petition.

28. The allegations set forth in Paragraph 28 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

29. The allegations set forth in Paragraph 29 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

30. The allegations set forth in Paragraph 30 of the Petition constitute, in part, legal conclusions to which no response is necessary or appropriate. Respondent admits the allegation in Paragraph 30 of the Petition that the Children were removed from Mexico; however, Respondent

denies that the removal was wrongful. Respondent is without knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 30 of the Petition.

31. Respondent is without knowledge or information to form a belief about the truth of the allegations in Paragraph 31 of the Petition.

32. Respondent is without knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 32 of the Petition.

33. Respondent is without knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 33 of the Petition.

34. Respondent admits that the statement in Paragraph 34 purports to be notice of Petitioner's intent to rely on foreign law and a request for the Court to take judicial notice of that law.

35. Respondent denies the allegations in Paragraph 35 of the Petition that the Children's removal from Mexico and retention in the United States was wrongful or that Mexico was the Children's country of habitual residence at the time of their removal. Respondent is without knowledge or information to form a belief about whether Petitioner has rights of custody under Mexican law or whether Petitioner has exercised rights of custody, as that term is used as a legal term of art, since the Children's birth.

36. Respondent admits the allegation in Paragraph 36 of the Petition that C.Z. was born in 2014. Respondent denies that C.Z.'s removal from Mexico was wrongful. Respondent further denies that C.Z.'s habitual residence was Mexico immediately before the removal.

37. Respondent admits the allegation in Paragraph 37 of the Petition that M.Z. was born in 2018. Respondent denies that M.Z.'s removal from Mexico was wrongful. Respondent further denies that M.Z.'s habitual residence was Mexico immediately before the removal.

38. Respondent denies the allegation in Paragraph 38 that, during the last three years, the parties and children resided in Mexico City, Mexico.

39. Respondent is without knowledge or information to form a belief about the truth of the allegations in Paragraph 39 of the Petition.

40. Respondent denies the allegations in Paragraph 40 of the Petition that the Children's removal to the United States was wrongful or that the children are being illegally held in custody, confinement and/or restraint by Respondent. Respondent admits that the children are currently located in Lawrence County, South Dakota and that, previous to September 3, 2023, the Children had not resided in the District of South Dakota. Respondent admits that a Default Judgement and Decree of Divorce was obtained on or about July 29, 2024. Respondent admits that she is a resident of Lawrence County, South Dakota.

41. Respondent admits the allegations in Paragraph 41 of the Petition that one of the children is currently six years old; the other child, M.Z., is currently ten years old. Respondent denies that Petition never consented to the children's removal or retention. Respondent denies that the children's removal and retention is wrongful.

42. Respondent admits that the statement in Paragraph 42 purports to be a request for relief from this Court and Respondent states that the relief should be denied.

43. Respondent admits that the statement in Paragraph 43 purports to be a request for relief from this Court and Respondent states that the relief should be denied. Respondent is without knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 43 of the Petition.

44. Respondent denies the allegations in Paragraph 44 of the Petition that the Children Children's removal from Mexico was wrongful or that they have an interest in returning to Mexico.

Respondent is without knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 44 of the Petition.

45. Respondent is without knowledge or information to form a belief about the truth of the allegations in Paragraph 45 of the Petition.

46. Respondent admits that the statement in Paragraph 46 purports to be a request for relief from this Court.

47. Respondent admits that the statement in Paragraph 47 purports to be a request for relief from this Court.

48. Respondent denies the allegation in Paragraph 48 of the Petition that the removal was wrongful. Respondent is without knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 48 of the Petition.

49. Respondent admits that the statement in Paragraph 49 purports to be a request for relief from this Court and states that the relief should be denied. Respondent is without knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 49 of the Petition.

50. Respondent denies the allegation in Paragraph 50 of the Petition that the removal and retention was wrongful. Respondent is without knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 50 of the Petition.

51. Paragraph 51 of the Petition contains no factual allegations and does not require a response from the Respondent.

52. Section VIII contains requests for relief and Respondent states that the relief should be denied.

## AFFIRMATIVE DEFENSES AND EXCEPTIONS TO RETURN

53. Respondent contends there was no wrongful removal or retention of C.Z. and M.Z. under Article 3 of the Convention, as Mexico was not the habitual of the Children immediately before their removal from that country.

54. Respondent further contends that the Petition should be denied based upon the affirmative defenses set forth below.

*First Affirmative Defense: The children are well-settled in South Dakota*

55. The Petition should be denied based upon Article 12 of the Convention, which states a court should order the return of wrongfully removed or retained child, "unless the child is now settled in its environment." Convention on the Civil Aspects of International Child Abduction, art. 12, done at The Hague on October 25, 1980, T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98 (reprinted in 51 Fed. Reg. 10494 (Mar. 26, 1986)) (hereinafter the "Convention"). C.Z. and M.Z. are well-settled in their home in South Dakota and their return would contravene the greater objections of the Convention.

56. A Court should refuse to order the return of a child when a parent proves by the preponderance of the evidence that child is well-settled in their environment. International Child Abduction Remedies Act, 22 U.S.C. §9003(e)(2)(B). The Article 12 "well-settled" defense is available when a period of one year or more has elapsed between the date of removal and the date on which the requesting parent initiates judicial proceedings. Convention, art. 12; *Lozano v. Alvarez*, 572 U.S. 1, 5, 134 S. Ct. 1224 (2014).

57. The well-settled defense promotes the Convention's overarching objective of protecting the well-being and interests of children. While the Convention is "not designed to resolve underlying custody disputes," "this fact…does not render irrelevant any countervailing interests the child might have." *Blondin v. Dubois*, 238 F.3d 153, 161 (2d Cir. 2000) ("*Blondin*

*IV)*, *rev'd on other grounds*, 596 U.S. 666 (2022). Rather, the children's "true interests" was the primary reason for the creation of the Convention. *Lozano v. Alvarez*, 697 F.3d 41, 52-53 (2d Cir. 2012), *aff'd*, 568 U.S. 1227 (2013) (citing Elisa Perez-Vera, *Explanatory Report: Hague Conference on Private International Law*, in 3 Acts and Documents of the Fourteenth Session 426, ¶¶ 23-24)).

58. Accordingly, even though the Convention assumes that children's interests are best served when custody decisions are made in the country of habitual residence, the Convention also "recognizes the need for certain exceptions" to the general return obligation when the children's interests weigh against repatriation. *Id* at 53. These exceptions are "concrete illustrations of the overly vague principle whereby the interests of the child are stated to be the guiding criterion" when deciding to return a child. *Id*.

59. To that end, a court should not order a child's return when that child is now well-settled in its environment, because despite the general obligation to return a child, there will "come a point at which a child would become so settled in a new environment that repatriation might not be in its best interest." *Blondin IV*, 239 F.3d at 165 (internal quotation marks and citations omitted)).

60. When deciding whether a child is well-settled, courts consider several factors, including: (1) the child's age; (2) the stability and duration of the child's residence in the new environment; (3) whether the child attends school or day care consistently; (4) whether the child has friends and relatives in the new area; (5) the child's participation in community or extracurricular activities; (6) the respondent's employment and financial stability; and (7) the immigration status of the respondent and child. *Hernandez v. Pena*, 820 F.3d 782, 787-88 (5th Cir. 2016).

61. The preponderance of the evidence will establish that C.Z. and M.Z. are now well-settled in South Dakota. Over one year has elapsed between the time of the Children's removal from Mexico and the date on which Petitioner initiated this judicial proceeding. *See* Convention, art. 12. They were removed from Mexico on September 3, 2023; Petitioner did not file the present suit until October 4, 2024. *See* CM/ECF Doc. No. 1. During that period, C.Z. and M.Z. have lived in South Dakota near their grandparents, great-grandparent, uncle and aunt, and cousins. They have long-existing ties to South Dakota. Prior to leaving Mexico, they had spent extended periods of time in South Dakota. Since arriving over a year ago, they have each successfully completed a year of elementary school. Since arriving in South Dakota, C.Z. has participated in horseback riding lessons, a running club, volleyball, and basketball. M.Z. has participated in soccer, basketball, and football. In addition to their family, they have developed a network of friends and close ties to the community. Both the Children and Respondent are United States citizens.

*Second Affirmative Defense – Grave Risk of Harm to the Children*

62. The Petition should be denied based upon Article 13(b) of the Convention. There is a grave risk that the children's return to Mexico would expose them to physical and/or psychological harm, and/or otherwise place the children in an intolerable situation.

63. A court should refuse to repatriate a child "if there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." *Acosta v. Acosta*, 725 F.3d 868, 875-76 (8th Cir. 2013).

64. Petitioner has an extensive history of physical and emotional abuse of Respondent and the Children. Petitioner has an explosive temper and is incapable of controlling his anger, even in public or when others are present in the home. He has waged a sustained campaign of terror against Respondent and the Children for years.

10

65. Petitioner has physically attacked Respondent on numerous occasions, including hitting, slapping, pushing, grabbed and choking Respondent. Petitioner has physically attacked Respondent in the presence of the Children. On at least one occasion, the parties' daughter, C.Z., jumped on Petitioner's back in an attempt to stop Petitioner's assault on Respondent. Petitioner has hit and assaulted the children. Petitioner has routinely engaged in intimidation tactics creating an atmosphere of fear for Respondent and the Children, including destruction of property, throwing objects, monitoring of their movements through cameras he installed in the residence, and threats to take the Children away from their mother.

*Third Affirmative Defense – Wishes of the Child*

66. The petition should be denied due to Article 13, which allows a court to refuse repatriation of a child based solely upon a child's wishes. *See Dubikovskyy v. Goun*, 54 F.4th 1042, 1048 (8th 2022). The children wish to remain in the United States.

67. Article 13 of the Convention provides that a court may refuse the return of a child "if it finds that the child objects to being returned and has attained an age of maturity at which it is appropriate to take account of its views." *Id.* (internal citations omitted). The child's views "concerning the essential question of its return or retention may be conclusive." *Id.* (internal citations omitted). This exception was incorporated in the Convention because the drafted considered it "inappropriate to return a mature child against its will." *Id.*

68. In order for this exception to apply, Respondent must establish by the preponderance of the evidence that (1) the child has attained an age and degree of maturity at which it is appropriate to take account of her views, and (2) the child objects to being returned. *Id.* The reasons a child objects to being returned are immaterial; the defense may apply for "whatever the reason" cited by the child." *Id.* (citing *Rodriguez v. Yanez*, 817 F.3d 466, 475-76 (5th Cir.))

The court must apply a stricter standard to this exception when a child's views are the sole reason for denying repatriation. *Id.*

69. In cases involving more than one child, courts have declined to separate siblings even when only one of the children has stated an objection. *Leonard v. Lentz*, 297 F. Supp. 3d 874, 897 (N.D. Iowa 2017) (declining to separate siblings because it would be "cruel.") (internal citations omitted).

### *Fourth Affirmative Defense – Consent and Acquiescence*

70. The petition should be denied under Article 13(a) of the Convention, under which a court may refuse return if it finds that the petitioner consented to the children's removal or retention. Convention, art. 13. Respondent must establish by the preponderance of the evidence that Petitioner consented to the children's relocation to the United States. 22 U.S.C. §9003(e)(2)(B).

71. Consent is based upon the Petitioner's subjective intent prior to the children's removal or retention. *Larbie v. Larbie*, 690 F.3d 295, 308-309 (5th Cir. 2012). Consent can be informal and inferred from a petitioner's statements or conduct. *Id.*

72. In this case, Petitioner consented to the children's removal to and retention in the United States.

73. The parties were only living in Mexico temporarily while they applied and waited for Petitioner to receive a United States immigrant visa. Since arriving in Mexico, both parties communicated to the Children that they would only be in Mexico temporarily before settling in the United States. In the days leading up to the children's removal from Mexico, Respondent had informed Petition of her desire for a divorce. After learning of Respondent's plan to obtain a divorce, Petitioner explicitly stated his intention for Respondent and children to still relocate to the United States, even if that meant living apart from Petitioner.

## **PRAYER**

74. Respondent respectfully prays that the Court deny the Petition and all relief requested therein.

Respectfully submitted,

/s/ Ashley V. Tomlinson
ASHLEY V. TOMLINSON
*Pro Hac Vice*
Laura Dale & Associates, P.C.
1800 Saint James Place, Suite 620
Houston, Texas 77056
Telephone: (713) 600-1717
Facsimile: (713) 600-1718
Email: atomlinson@dalefamilylaw.com
Service: eserviceavt@dalefamilylaw.com

/s/ Eric Schlimgen
ERIC SCHLIMGEN
611 Dahl Road, suite #1
Spearfish, South Dakota 57783
Telephone: (605) 340-1340
Facsimile: (605) 340-1420
Email: eric@schlimgenlawfirm.com

## VERIFICATION

I, Molly Penton-Zaidman, solemnly declare and affirm under the penalties of perjury and the laws of the United States of America that the contents of the foregoing Answer are true to the best of my knowledge.

_____
Molly Penton-Zaidman